# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Ricardo Mendoza-Venegas,<br>  a/k/a  Ricardo Mendoza<br><br>Defendant. | CASE NO. 2:20-CR-020<br><br><br>JUDGE JAMES L. GRAHAM |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned counsel, respectfully submits this sentencing memorandum in support of the parties' Rule 11(c)(1)(C) plea agreement whereby the defendant, Ricardo Mendoza-Venegas, agreed to plead guilty to a violation of 8 U.S.C. § 1326(a) and (b)(1), Illegal Re-Entry of a Removed Alien After Felony Conviction.

The United States submits that the U.S. Probation Officer has correctly calculated the advisory guideline sentencing range in this case in the Presentence Investigation Report ("PSR") and that the plea agreement is consistent with such calculations.  Given the guidelines calculations in the plea agreement are consistent with those of the U.S. Probation Officer in the PSR, the United States respectfully requests this Court accept the parties' Rule 11(c)(1)(C) plea agreement and further requests that the defendant be sentenced to a term of ten (10) months custody.

## BACKGROUND

The defendant, Ricardo Mendoza-Venegas, is a Mexican citizen with no lawful status within the United States.  *See* PSR ¶¶ 1-6, 35-38; Statement of Facts, ECF No. 17.  On June 11,

2009, defendant was convicted of Transportation of a Controlled Substance in Los Angeles Superior Court, Van Nuys, California. *See* PSR ¶28. He was sentenced to three (3) years probation, 180 days in jail, fine and court costs. Thereafter, the defendant was ordered removed from the United States on August 25, 2009. *See* Statement of Facts, ECF No. 17.

On or about February 7, 2012, the defendant was encountered near Phoenix, Arizona and the prior order of removal was reinstated. *See* PSR ¶29; Statement of Facts, ECF No. 17. On or about February 7, 2012, defendant was charged with violating 8 U.S.C. §§ 1326(a) and (b)(1), Illegal Re-Entry of a Removed Alien. The defendant was convicted of that offense and subsequently removed from the United States after serving a term of imprisonment of five (5) months. *See* PSR ¶8; Statement of Facts, ECF No. 17. The defendant was also placed on a term of supervised release of 3 years. *See* PSR ¶29. After being arrested in Columbus, Ohio, on or about December 27, 2013, the defendant was transferred to the District of Arizona. See PSR ¶10. Defendant's supervised release was revoked, resulting in an additional term of 10 (ten) months in the custody of the Bureau of Prisons. *See* PSR ¶29; Statement of Facts, ECF No. 17.

On or about December 6, 2019, U.S. Immigration and Customs Enforcement ("ICE") was alerted to the defendant's presence in the Franklin County Jail in Columbus, Ohio, pending a charge of Falsification. *See* PSR ¶¶ 11, 32.

On December 12, 2019, a criminal complaint (ECF No. 1) and arrest warrant (ECF No. 2) were issued for the defendant for a violation under 8 U.S.C. §§ 1326(a) and (b)(2), Illegal Re-Entry of a Removed Alien after an Aggravated Felony Conviction. On December 16, 2019, the defendant was taken into custody on this charge by the ICE in Columbus, Ohio, and appeared for an initial hearing in federal court. ECF No. 4-8.

On January 31, 2020, an Information (ECF No. 16) and signed plea agreement (ECF No. 17) were filed with this Court pursuant to a charged violation of 8 U.S.C. § 1326(a) and (b)(1), Illegal Re-entry of a Removed Alien After Felony Conviction.  The defendant pled guilty to the Information before the Magistrate Judge on June 10, 2020, pursuant to the parties' Rule 11(c)(1)(C) plea agreement.  ECF No. 17.

The Probation Office released the Final PSR on September 15, 2020.  Sentencing in this matter is scheduled for October 2, 2020.

## ADJUSTED OFFENSE LEVEL

The parties' Rule 11 (c)(1)(C) plea agreement and the PSR are in agreement that the defendant's adjusted offense level is 10, after all appropriate reductions.  *See* PSR ¶¶ 17-26.  The guidelines' offense level calculation, as set forth in the plea agreement, is correct and consistent with the law and the facts of the case.

His unauthorized presence in the United States established a base offense level of 8.  *See* PSR ¶ 17.  *See also*, U.S.S.G. § 2L1.2(a).

His prior conviction of Re-Entry of a Removed Alien, a Class C Felony, warrants a 4-level increase in the offense level.  *See* PSR ¶¶ 18-19.  *See also*, U.S.S.G. § 2L1.2(b)(1)(A).

The defendant accepted responsibility and timely notified the government of his intention to plead guilty.  As a result, the defendant is entitled to a 2-level reduction in his offense level.  *See* PSR ¶ 25.  *See also*, U.S.S.G. § 3E1.1(a).

Accordingly, the defendant has an Adjusted Offense Level of 10.  Therefore, the guidelines' calculation in the PSR is correct and matches with the plea agreement.

## CRIMINAL HISTORY CATEGORY

The Government concurs with the U.S. Probation Officer's conclusions in the PSR that the defendant's Criminal History Category is II.

On June 11, 2009, the defendant was convicted of Transportation of a Controlled Substance in Los Angeles County Court, Van Nuys, California, and sentenced to 3 years probation, 180 days jail, $200 restitution and $450 fine and court costs  *See* PSR ¶ 28.  This sentence falls outside the applicable 10-year time period, resulting in 0 criminal history points. *See* U.S.S.G. § 4A1.2(e)(3).

On June 18, 2012, the defendant was convicted in United States District Court for the District of Arizona, Phoenix, of Re-entry of a Removed Alien and sentenced to 5 months imprisonment and 3 years supervised release. On or about May 9, 2014, supervised release was revoked and the defendant was sentenced to 10 months imprisonment. *See* PSR ¶ 29.  This resulted in a sentence that exceeded one year and one month and falls within the applicable 10 year time period, resulting in 3 criminal history points.  *See* U.S.S.G. §§  4A1.1(a) and 4A1.2(k) .

Therefore, the defendant receives a total of 3 criminal history points and establishes a Criminal History Category of II.  *See* PSR ¶ 30.  Accordingly, the Government and the PSR are in agreement that the defendant has a Criminal History Category of II.

## 18 U.S.C. § 3553 FACTORS

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate

4

deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

A sentence of ten (10) months of imprisonment is reasonable and appropriate in this case. At the time of the scheduled sentencing hearing on October 2, 2020, the defendant will have served approximately 9 months and 16 days in custody on this charge.

The sentence of ten (10) months of imprisonment properly considers the nature and circumstances of the offense, as well as the need to avoid unwarranted sentence disparities.  *See* 18 U.S.C. § 3553(a).  After the defendant's 2012 conviction for Re-Entry of a Removed Alien, the defendant was order removed from the United States by an Immigration Judge on or about July 13, 2012.

Subsequent to his removal to Mexico, the defendant has again elected to violate federal law and re-enter the United States illegally and without permission.  A ten (10) month term of imprisonment is sufficient to promote respect for the law, adequate deterrence and to protect the public from further crimes of the defendant.

## CONCLUSION

The United States respectfully requests that this Court accept the plea agreement and determine that the defendant has an Adjustment Offense Level of 10, a Criminal History Category of II and thus, a corresponding guideline range of 8 to 14 months custody.  Given the

applicable guideline range, the United States further requests that this Court sentence the defendant to ten (10) months custody and a period of supervised release to be determined by the Court.

DAVID M. DEVILLERS<br>
UNITED STATES ATTORNEY<br>
<br>
s/ Roger Dinh<br>
ROGER DINH (NY 4979274)<br>
Special Assistant United States Attorney<br>
<br>
s/ Elizabeth A. Geraghty<br>
ELIZABETH A. GERAGHTY (0072275)<br>
Assistant United States Attorney<br>
303 Marconi Boulevard, Suite 200<br>
Columbus, OH  43215<br>
Phone No.: (614) 469-5715<br>
Email:  Roger.Dinh@usdoj.gov<br>
Email: Elizabeth.Geraghty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via the Court's CM/ECF system on September 24, 2020, upon counsel of record.

s/ Roger Dinh<br>
ROGER DINH (NY 4979274)<br>
Special Assistant United States Attorney